NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 05a0407n.06
Filed: May 17, 2005

NO. 03-4320

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| LORENE DIEHL and | ) | ON APPEAL FROM THE |
| BARBARA KING, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE SOUTHERN |
| Plaintiffs-Appellants, | ) | DISTRICT OF OHIO |
| | ) | |
| v. | ) | |
| | ) | OPINION |
| INTERNATIONAL TRUCK AND | ) | |
| ENGINE CORPORATION, | ) | |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | |

Before: SUHRHEINRICH and GILMAN, Circuit Judges; and ACKERMAN, District Judge.[*]

HAROLD A. ACKERMAN, District Judge. Plaintiffs, Lorene Diehl and Barbara

King, filed a complaint against their employer, International Truck and Engine Corporation

("International"),[1] alleging causes of action for (i) gender discrimination pursuant to Ohio Rev.

Code Ann. § 4112; (ii) fraud and/or fraud in the inducement; (iii) breach of contract; (iv) breach

of custom, practices, and policies resulting in breach of contract; and (v) negligence. Plaintiffs

were both hired by International in January 1972 at its plant in Fort Wayne, Indiana. Plaintiffs

---

[*]The Honorable Harold A. Ackerman, United States District Judge for the District of New Jersey, sitting by designation.

[1]The original complaint also named Peg Engle, an alleged employee of International, as a defendant in this case. However, in its opinion below, the district court noted that Plaintiffs conceded that Peg Engle had never been served with the complaint and therefore was not a party to this action.

held clerical/technical positions at Fort Wayne. As such, the terms and conditions of Plaintiffs' employment were governed by the collective bargaining agreement between International and the international union, United Automobile, Aerospace & Agricultural Implement Workers of America (the "Union"), covering clerical and technical employees (the "Main Labor Contract"). On May 20, 1983, Plaintiffs were laid off because the Fort Wayne plant where they worked was being closed. Essentially, Plaintiffs claim that they were not recalled from layoff in accordance with their seniority and the applicable recall practices.

Prior to the Fort Wayne plant closing, International and the Union entered into an agreement (the "Master Recall Letter") whereby laid-off employees would be placed on a Master Recall List and would be subject to recall. In the Master Recall Letter, International and the Union agreed upon eligibility requirements for laid-off employees to be placed on the Master Recall List and procedures to be followed in recalling employees from the Master Recall List.

Ten years later, in early 1993, International and the Union entered into a Plant Closing Agreement, which incorporated the earlier Master Recall Letter and set forth certain terms and conditions to apply to the discontinuance of operations at the Fort Wayne plant. Under the Plant Closing Agreement, all employee recall rights were temporally limited by the Main Labor Contract, Article XVI, Section 2(e), which states that recall rights last for three years or the length of the employee's seniority, whichever is greater. At the time of the layoff, Plaintiffs worked as Data Entry Equipment Operators. International placed Plaintiffs on the Master Recall List for Clerical and Technical employees as defined by the Main Labor Contract, and both elected International's Springfield, Ohio facility as one of the locations to which they were willing to be recalled. Plaintiffs were not recalled to work at the Springfield facility while they

were on the Master Recall List. By force of the Main Labor Contract's limitation on recall rights, Plaintiff Diehl was taken off the Master Recall List on September 9, 1994. Thereafter, Plaintiff King lost her recall rights on October 7, 1994.

In 1997, King saw an advertisement to fill an open Material Analyst position at International, applied for it, and was hired on March 28, 1998. In June 1997, Diehl saw an advertisement soliciting applications to work in production positions in International's Springfield facility. She applied for the position, and on September 3, 1997, was hired as a Production Worker. Diehl continued submitting applications for other, more desirable open positions at the Springfield plant, and on February 9, 1998, was hired as a Material Analyst.

After returning to work for International, Plaintiffs learned of other individuals who were recalled from the Master Recall List, while Plaintiffs were not. On November 28, 1998, King wrote a letter to International's Human Resources Director alleging that the company violated the Master Recall List by not giving her first consideration when she applied for rehire. King also protested to the Union, which investigated her claims, but did not find any evidence that International violated any contractual requirements with respect to recall or rehire. King continued to pursue the issue, and on January 14, 2000, the Union filed a grievance on King's behalf alleging contractual violations and requesting that King's original seniority date be reinstated. International denied the grievance. Thereafter, International and the Union met to discuss and review the relevant documentation regarding King's grievance. Sometime in September 2000, the Union withdrew King's grievance for lack of merit.

On March 20, 2001, King filed a charge against the Union with the National Labor Relations Board (the "NLRB"), alleging that the Union breached its duty of fair representation in

handling her grievance. The NLRB refused to issue a complaint against the Union on the ground that King's charge was untimely, having been filed more than six months after she had learned that the Union intended to withdraw her grievance. King attempted to appeal the Union's decision to withdraw her grievance to the international union, but on June 4, 2001, King was notified by the Union that she had exhausted all internal appeals.

Unlike King, Diehl did not notify the Union that she believed International had violated the Master Recall procedures. In addition, Diehl never asked the Union to file a grievance on her behalf, and never notified anyone within International about her concerns.

On January 17, 2002, Plaintiffs Diehl and King filed a five-count Complaint in the Clark County Court of Common Pleas, Clark County, Ohio against their employer, International. Plaintiffs alleged sex discrimination, fraud, breach of contract, breach of employment contract, and negligence. International removed the case to federal court on February 22, 2002, claiming that each of Plaintiffs' claims was pre-empted by the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a).

On June 30, 2003, Plaintiffs filed a motion to remand. International subsequently filed a motion for summary judgment on July 31, 2003. The district court denied Plaintiffs' motion to remand and granted summary judgment for International in an Opinion and Order dated September 10, 2003. The district court concluded that resolution of each of the Plaintiffs' claims was dependent on an analysis of the Master Labor Contract, a collective bargaining agreement, between the Union and International. As such, the district court deemed all claims pre-empted by the LMRA. In addition, the district court granted summary judgment to International based on findings that Diehl had inexcusably failed to exhaust the grievance procedures available to

her to resolve her claims against International and that King's claims were time-barred because she failed to file her complaint within the six-month statute of limitations. This timely appeal followed.

After carefully considering the record on appeal, the briefs of the parties, and the applicable law, and having had the benefit of oral argument, we conclude that the district court did not err in denying Plaintiffs' motion to remand to state court. Because the reasoning that supports the judgment has been clearly articulated by the district court in a thorough and comprehensive 18-page decision, the issuance of a detailed written opinion by us would be unduly duplicative. We only pause for a moment to note two issues.

First, we conclude that, on appeal, Plaintiffs have failed to present any legal argument demonstrating that the district court erred in granting International's motion for summary judgment. In so doing, the Plaintiffs have waived that issue on appeal. *Booker v. GTE.net LLC*, 350 F.3d 515, 517 (6th Cir. 2003). However, even if this Court did not find this issue waived, we would agree with the district court's conclusions that (1) Plaintiff Diehl failed to exhaust her administrative remedies, *Terwillinger v. Greyhound Lines, Inc.*, 882 F.2d 1033, 1039 (6th Cir. 1989) (citing *Hines v. Anchor Motor Freight*, 424 U.S. 554, 563 (1976)), and (2) Plaintiff King failed to file her complaint within the six-month statute of limitations period, *Robinson v. Cen. Brass Mfg. Co.*, 987 F.2d 1235, 1238 (6th Cir. 1993) (citing *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 171 (1983)).

In addition, we note that Plaintiffs raise, for the first time in their Reply Brief, the argument that International's removal to federal court was defective, and thus, the district court should have remanded this matter back to state court. However, this Court will not consider

arguments raised for the first time in a rebuttal brief that were not properly considered by the district court below. *United States v. Demjanjuk*, 367 F.3d 623, 637 (6th Cir. 2004). Accordingly, the judgment rendered by the Honorable Thomas M. Rose, United States District Court Judge for the Southern District of Ohio, is **AFFIRMED** on the basis of the reasoning detailed in his Order dated September 10, 2003.